UNITED STATES v. THE LV NO. 134 et al.

The SAMDAK.

The NJ CRR 344.

The EN 6 CHL 509.

United States District Court
S. D. New York.

April 20, 1953.

Alexander & Ash, New York City, for respondent, Eastern Navigation Corp.

Burlingham, Hupper & Kennedy, New York City (Richard W. Palmer, New York City, of counsel), for respondent-impleaded Pennsylvania R. Co.

J. Edward Lumbard, Jr., U. S. Dist. Atty., Southern District of New York, New York City (Eugene Rheinfrank, New York City, of counsel), for libelant.

DIMOCK, District Judge.

Respondent Eastern Navigation Corporation and respondent-impleaded The Pennsylvania Railroad Company have objected to interrogatories proposed by libelant to be propounded to non-party witnesses. The objections are all addressed to the form of the questions.

They were brought on for hearing before the court, the objectants maintaining that they were entitled to have them ruled upon in advance of their submission to the witnesses. Libelant, however, with full appreciation of the consequences of the position, elected to stand upon the interrogatories as correct in form and requested that the determination of that question be postponed until the answers to the interrogatories were made and offered in evidence at the trial.

I am of opinion that libelant is entitled as a matter of right to that postponement.

The Federal Rules of Civil Procedure, 28 U.S.C.A. are made applicable in admiralty proceedings by Rule 32 of the Admiralty Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Rule 31 of the Federal Rules of Civil Procedure provides for the depositions of witnesses upon written interrogatories.

Rule 32(c) (3) provides that "Objections to the form of written interrogatories submitted under Rule 31 are waived unless served in writing" within a certain time. There is no provision for a hearing on any such objection.

In this it is to be contrasted with Rule 33 dealing with interrogatories to parties as distinguished from witnesses. That rule provides for the service of a notice of hearing with the objections; answers are deferred until the objections have been passed upon.

The scheme of the Rules is that a party shall not be required to answer interrogatories to which objection has been made until they have been approved by the court but a witness may be required to answer such interrogatories in advance of any such approval.

With respect to interrogatories propounded to witnesses Professor Moore says in his Federal Practice, 2nd Ed., Vol. 4 p. 2155:

"When objections are made to the form of interrogatories served by a

party, he may reframe them to remove the objections or he may leave them unchanged, in which event the answer of the deponent is taken subject to objection. The objection may be renewed at the trial if the deposition is then used."

Counsel for one of the objectants points to numerous cases in which the courts have ruled upon objections to the form of questions in advance of the trial but all of these cases dealt with interrogatories addressed to a party.

Counsel for objectants says that to permit the court to see the answers to questions here characterized as leading, as assuming facts not proven, as vague, indefinite and uncertain and as calling for conclusions would embarrass objectants and that the propounding of cross-interrogatories to the direct interrogatories as they now stand would be oppressive to the objectants. It is true that, even in the case of interrogatories to be advanced to a witness, the court can interfere under Rule 30(b)[1] of the Federal Rules of Civil Procedure "to protect the party or witness from annoyance, embarrassment, or oppression." It seems to me, however, that in this case the court can be trusted to carry out the general scheme of the Rules and to rule out answers to improper-in-form interrogatories no matter how admissible such answers would have been if given in response to proper interrogatories. With respect to the claim of oppression in propounding cross-interrogatories, objectants have not convinced me that it is serious enough to warrant departure from the general scheme of the rules. Even if it be granted that the interrogatories are improper in form, therefore, I do not think that this case calls for the exercise of the court's power under Rule 30(b).

The application for a ruling upon the validity of the objections is dismissed.

I. Rule 31(d) makes this and other appropriate provisions of Rule 30 applicable to cases of written interrogatories.